FILED
DEC - 1 2009

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CV 09-70014-KI; CR 03-470-KI |
| | ) | CV 09-70015-KI; CR 03-165-KI |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| CIRENIO TORRES-RIOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Kent S. Robinson
Acting United States Attorney
District of Oregon
Kathleen L. Bickers
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Cirenio Torres-Rios
Reg: #71178-008
Unit J 200 - 111 L
California C.C.C.
P. O. Box 300-0002
California City, California 93504

Pro Se Defendant

KING, Judge:

Before the court are the motions, under 28 U.S.C. § 2255, for the reduction of sentence (#70 in CR 03-165 and #51 in CR 03-470) filed by defendant Cirenio Torres-Rios. For the reasons set forth below, I deny the motions.

## PROCEDURAL BACKGROUND

On May 17, 2005, defendant pled guilty to illegal reentry as charged in the Indictment filed in CR 03-165 and to possession with intent to distribute cocaine as charged in the Indictment filed in CR 03-470.

On January 9, 2006, I sentenced defendant to 110 months of incarceration for the charge leveled in CR 03-470, to be served concurrently with the 110-month sentence I imposed in CR 03-470. I calculated that sentence using a Criminal History Category of VI and an Adjusted Offense Level of 27, yielding a range of 130 to 162 months. I adjusted the sentence further downward under the factors set forth in 18 U.S.C. § 3553(a). Judgment was entered on January 10, 2006.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

Section 2255 contains a one-year statute of limitations which runs from the latest of: (1) the date on which the "judgment of conviction" becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and has been made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Page 3 - OPINION AND ORDER

## DISCUSSION

There is no need for an evidentiary hearing to decide this motion since the defendant's motion is untimely.

As I note above, judgment was entered against defendant in both cases on January 10, 2006. His "judgment of conviction" became final ten days later when the time for filing his notice of appeal ended. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Pursuant to the statute, then, defendant was required to file his Section 2255 motions by January 20, 2007. Instead, defendant filed his Section 2255 motions on August 17, 2009, more than two and a half years late. None of the other events from which the one year period can be measured apply here. Additionally, defendant has not pointed to any "extraordinary circumstance beyond [his] control that made it impossible for [him] to file [his] motion within the appropriate time period[,]" making the doctrine of equitable tolling inapplicable. Id. at 1224.

I also note that the defendant's counsel made the very argument defendant contends his counsel failed to make–that his status as an illegal alien made otherwise applicable programs unavailable. As a result of the many arguments defendant's counsel made, including this one, I sentenced defendant to 110 months, rather than the 151 months recommended by the government and the probation office.

///

///

Page 4 - OPINION AND ORDER

## CONCLUSION

The motions, under 28 U.S.C. § 2255, to vacate, set aside or correct his sentence (#70 in CR 03-165 and #51 in CR 03-470) filed by defendant Cirenio Torres-Rios are DENIED.

IT IS SO ORDERED.

Dated this /s/ day of December, 2009.

/s/ Garr M. King
Garr M. King
United States District Judge